UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                              |   |                                |
|------------------------------|---|--------------------------------|
| DONNELL LEROY ROBERTS,       | ) |                                |
|     Petitioner,              | ) |                                |
| v.                           | ) | Civil Action No. 14-13728-LTS  |
| SEAN MEDEIROS,               | ) |                                |
|     Respondent.              | ) |                                |

ORDER ON RESPONDENT'S MOTION TO DISMISS (DOC. NO. 24)
AND OTHER PENDING MOTIONS (DOC. NOS. 30, 45)

April 24, 2015

SOROKIN, J.

Petitioner Donnell Leroy Roberts, a prisoner at the Massachusetts Correctional Institution in Norfolk, Massachusetts, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Roberts filed his federal claims two decades after the conviction and sentence he wishes to challenge became final. For the following reasons, his petition is DISMISSED as untimely.

I.  BACKGROUND

On June 29, 1994, after a jury trial had begun on a first-degree murder charge, Roberts entered a guilty plea to second-degree murder and received a life sentence. See Doc. No. 26-1 at 14 (Suffolk Superior Court Case Summary Criminal Docket). The charges arose from the fatal beating of Dennis Anderson in June 1993. Doc. No. 1-1 at 5; see Doc. No. 26-1 at 27. During the twenty years following his conviction, Roberts made no effort to withdraw his plea, pursue a

direct appeal, or otherwise challenge his conviction or sentence. Doc. No. 1 at 3; Doc. No. 26-1 at 14-18.

Then, in mid-2014, Roberts petitioned the Suffolk Superior Court for a writ of habeas corpus under state law.[1] Doc. No. 1 at 3; Doc. No. 26-1 at 16-18. The Superior Court dismissed Roberts's petition on September 29, 2014, Doc. No. 26-1 at 18, and Roberts did not appeal.[2] His undated federal habeas petition was docketed in this Court on September 29, 2014.[3] In his petition, Roberts asserts challenges to the trial court's jurisdiction based on an alleged violation of his constitutional right to a speedy trial, an alleged defect in the seal affixed on the indictment charging Roberts with murder, an alleged defect in the statement of the elements of first-degree murder contained in the indictment, and the alleged concealment of such facts from Roberts by counsel and the trial court at the time of his trial and plea. Doc. No. 1 at 2-3.

Since the filing of his federal petition, Roberts has submitted additional motions seeking an evidentiary hearing, Doc. No. 16, an order striking "all belated pleadings" by the respondent,

---

[1] Roberts's petition alleges he filed his state habeas petition in July 2014, Doc. No. 1 at 3, while the Superior Court docket reflects it was filed in September 2014, Doc. No. 26-1 at 16. The Court need not resolve this discrepancy, as it is immaterial to the timeliness analysis that follows.
[2] Roberts suggests in his petition that he did appeal the Superior Court's ruling. See Doc. No. 1 at 3. However, the case number he cites as the appeal (which ordinarily would be filed with the Massachusetts Appeals Court) is the Superior Court docket number corresponding to his state habeas petition itself. Compare Doc. No. 1 at 3, with Doc. No. 26-1 at 16. He also suggests he sought review by the Supreme Judicial Court ("SJC"), but that his "petition was not treated as served." Doc. No. 1 at 3. He has submitted a letter from the Clerk of the SJC reflecting that he sent something to her office for filing on September 16, 2014, but that it was not accompanied by a filing fee or a valid request to waive such fee. Doc. No. 1-2 at 17. Whatever Roberts was attempting to file at the time, however, it could not have been an appeal of the dismissal of his state habeas petition, as that dismissal had not yet issued. There is nothing else on the record here showing Roberts appealed to any court the Superior Court's dismissal of his habeas petition.
[3] Roberts states he mailed the petition to his brother for hand-delivery to the Court, but does not specify when he did so. Doc. No. 1 at 6. As the petition was docketed on the same day the Superior Court dismissed his related state petition, it appears as though Roberts drafted and sent his federal petition after filing his state habeas petition but before its resolution. The precise date of filing need not be resolved, though, as it would not alter the timeliness analysis here.

2

Doc. No. 30, and an order to "enforce habeas corpus release and to nullify [his] state conviction," Doc. No. 45. The respondent has moved to dismiss Roberts's petition, arguing it is untimely and contains claims that are unexhausted. Doc. No. 24, 31-1.

Because Roberts missed the deadline for filing his federal claims by approximately seventeen years, the Court need not reach the question of exhaustion or the merits of Roberts's claims. His additional motions are meritless.

II. DISCUSSION

   A. Motion to Dismiss

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on applications for writs of habeas corpus, and provides that such period "shall run from the latest of":

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Statutory tolling of the limitation period is permitted for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

Roberts's judgment of sentence became final no later than July 29, 1994, when the thirty-day period for filing a direct appeal expired. See Gonzalez v. Thaler, 132 S. Ct. 641, 656 (2012) (holding that if direct review is not pursued through each level of the state courts, the judgment

3

becomes final when the time for seeking the relevant level of appellate review expires); Mass. R. App. P. 4(b) (requiring notice of appeal in a criminal case to be filed "within thirty days after entry of the judgment or order appealed from"). Because Roberts's conviction became final before AEDPA's effective date, his one-year limitation period did not begin to run on July 29, 1994; instead, he is entitled to a "grace period," pursuant to which the period for filing his federal claims did not begin until AEDPA's effective date of April 24, 1996. See Herbert v. Dickhaut, 695 F.3d 105, 108 (1st Cir. 2012) (citing Gaskins v. Duval, 183 F.3d 8, 9 (1st Cir. 1999) (per curiam)). As such, absent tolling or a statutory exception, Roberts was required to file his federal petition on or before April 24, 1997. Id. Because Roberts's petition was filed many years later, it is untimely unless he qualifies for an alternative start date for his federal limitation period, see § 2244(d)(1)(B)-(D), or he establishes the limitation period was tolled.

Roberts has not claimed that any state action impeded his ability to file a timely federal habeas petition, and his challenges to the trial court's jurisdiction do not rely on newly recognized constitutional rights or recently discovered factual predicates.[4] His petition, therefore, does not trigger a start date for his federal limitation period other than AEDPA's effective date under the applicable "grace period." Herbert, 695 F.3d at 108.

Moreover, Roberts has not established that his limitation period was subject to statutory tolling, as the only state post-conviction proceedings he pursued were instituted many years after the federal limitation period already had expired. See Delaney v. Matesanz, 264 F.3d 7, 11 (1st

---

[4] Roberts has not relied upon any Supreme Court decisions, issued within the year before his petition was filed, in which that Court recognized any new constitutional rights. And although he summarily suggests he "has just discovered" the claims he raises here, see Doc. No. 1-1 at 1, his submissions rely entirely on facts revealed to him at or near the time of his trial and plea, see generally Doc. Nos. 1-1, 1-2 (citing the form and language of the indictment itself, the length of his pre-trial detention, and various state and federal rules and decisions in effect long before the filing of his petition).

4

Cir. 2001) (concluding the statutory tolling provision is "no help" to petitioner where the relevant state filing occurred after the expiration of the one-year federal limitation period).

To the extent Roberts suggests in his pleadings here that AEDPA's one-year limitation period runs afoul of the Suspension Clause, see, e.g., Doc. No. 1-2 at 10-11 (referencing Boumediene v. Bush, 553 U.S. 723 (2008), and the Suspension Clause), that argument has been soundly rejected by the First Circuit and several other Courts of Appeals. See Delaney, 264 F.3d at 12 (concluding "reasonable limits on the use and application of the habeas remedy," including "AEDPA's time-limiting provisions," "do not work an unconstitutional suspension of the writ" of habeas corpus). The First Circuit's "postscript" in Delaney applies with equal force here:

> The Suspension Clause applies (if at all) only when Congress totally bars an individual or a group from access to habeas relief. Here, the petitioner had ample opportunity, both before and after Congress passed the AEDPA, to exhaust state court remedies and seek federal habeas review. That he had those opportunities and did not seasonably avail himself of them is, in itself, enough to doom his constitutional challenge.

264 F.3d at 13 (internal citations omitted).

The only remaining avenue for saving Roberts's untimely petition from dismissal is the doctrine of equitable tolling. A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); accord Drew v. MacEachern, 620 F.3d 16, 23 (1st Cir. 2010). "[E]quitable tolling 'is the exception rather than the rule.'" Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010) (quoting Delaney, 264 F.3d at 14); see Trapp v. Spencer, 479 F.3d 53, 59 (1st Cir. 2007) (noting equitable tolling is only "rare[ly]" appropriate).

The diligence standard required by the doctrine of equitable tolling is "reasonable diligence," not "maximum feasible diligence." Holland, 560 U.S. at 653 (internal citations and

5

quotations omitted). Extraordinary circumstances, for equitable tolling purposes, require more than "'garden variety' or 'excusable neglect,'" id. at 651, but less than gross negligence coupled with "'bad faith, dishonesty, divided loyalty, mental impairment, or so forth on the lawyer's part,'" id. at 649 (quoting Holland v. Florida, 539 F.3d 1334, 1339 (11th Cir. 2008), and its "rigid" extraordinary circumstances standard). As the petitioner, Roberts "bears the burden of establishing a basis for equitable tolling." Trapp, 479 F.3d at 59.

Roberts has failed to identify any circumstances warranting equitable tolling here, and the Court's review of the parties' submissions has uncovered none. There is simply no basis on the record before the Court to conclude that Roberts was justified in waiting twenty years before endeavoring to challenge his guilty plea and sentence, and he has offered no excuse – let alone a reasonable or legally significant one – for the extreme tardiness of his petition. Cf. Trapp, 479 F.3d at 60 ("In applying the equitable tolling doctrine, an important factor is the reason for the late filing."). Under these circumstances, Roberts has not satisfied his burden of demonstrating that he was reasonably diligent or that extraordinary circumstances warrant invocation of the doctrine of equitable tolling. As such, the time-limiting provisions of AEDPA require that Roberts's petition be dismissed with prejudice.[5]

B. Other Motions

Soon after filing his habeas petition, Roberts requested an evidentiary hearing. Doc. No. 16. The Court previously denied that motion, Doc. No. 17, and in light of the analysis set forth above there is no basis to revise that ruling now.

---

[5] As the respondent has argued, at least one other ground exists for dismissing Roberts's petition. His failure to file a direct appeal after his guilty plea or to appeal the dismissal of his state habeas petition renders his federal claims unexhausted. See 28 U.S.C. § 2254(b)(1)(A) (stating federal habeas petitions "shall not be granted" unless all available state court remedies have been exhausted).

After the Court granted the respondent an extension of time within which to respond to Roberts's petition, Doc. No. 12, Roberts requested an order striking "all belated pleadings" by the respondent, including the motion to dismiss, Doc. No. 30. As the Court previously explained in response to a similar filing by Roberts, see Doc. No. 25, the extension request was reasonable and established good cause to extend the relevant deadline. The respondent's motion to dismiss was filed before the deadline (as extended by the Court), and Roberts has identified no valid legal basis for striking the respondent's pleadings. Accordingly, his motion is DENIED.

Finally, Roberts recently requested an order to "enforce habeas corpus release and to nullify [his] state conviction." Doc. No. 45. Because his petition is untimely, Roberts is not entitled to habeas corpus release or nullification of his conviction by this Court. His motion is, therefore, DENIED.

III. CONCLUSION

For the foregoing reasons, the respondent's motion to dismiss Roberts's federal habeas petition (Doc. No. 24) is ALLOWED, the petition (Doc. No. 1) is DISMISSED with prejudice, and Roberts's other pending motions (Doc. Nos. 30, 45) are DENIED.[6]

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[6] Because "reasonable jurists" could not "debate whether . . . the petition should have been resolved in a different manner," Slack v. McDaniel, 529 U.S. 473, 484 (2000), and based on the circumstances described above, no certificate of appealability shall issue. The considerable untimeliness of Roberts's petition (and Roberts's total failure to explain it, even in his reply brief, Doc. No. 28) permits no disposition besides dismissal.